.STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS

Raymond A. Simms,
Petitioner Below, Petitioner

FILED

September 22, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

vs)  No. 13-1219 (Mercer County 13-C-45)

Marvin Plumley, Warden,
Respondent Below, Respondent

MEMORANDUM DECISION

Petitioner Raymond A. Simms, by counsel David B. Kelley, appeals the Circuit Court of Mercer County's November 5, 2013, order denying his petition for writ of habeas corpus. Respondent Marvin Plumley, Warden,[1] by counsel Laura Young, filed a response. On appeal, petitioner alleges that the circuit court erred in denying him habeas relief on the following grounds: disproportionate sentence, involuntary guilty plea, insufficient evidence to support his plea for wanton endangerment, and ineffective assistance of counsel.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In October of 2009, petitioner was indicted by the Mercer County Grand Jury on two counts of delivery of a Schedule II controlled substance, one count of possession with intent to deliver a Schedule II controlled substance, one count of unlawful possession of a firearm by a convicted felon, and one count of wanton endangerment. Thereafter, in January of 2010, petitioner entered into a plea agreement wherein he pled guilty to one count each of delivery of a Schedule II controlled substance, possession with intent to deliver a Schedule II controlled substance, and wanton endangerment in violation of West Virginia Code §§ 60A-4-401 and 61-7-12. Pursuant to the agreement, the State dismissed the remaining charges. After a plea hearing and lengthy colloquy, the circuit court accepted petitioner's plea that same month.

In March of 2010, petitioner was sentenced to one to fifteen years of incarceration for delivery of a Schedule II controlled substance, one to fifteen years of incarceration for possession with intent to deliver a Schedule II controlled substance, and five years of

_____

[1]Pursuant to Rule 41(c) of the Rules of Appellate Procedure, we have substituted the respondent party's name with Warden Marvin Plumley because petitioner is currently incarcerated at Huttonsville Correctional Center.

1

incarceration for wanton endangerment, said sentences to run consecutively to each other and consecutively to any sentence received in petitioner's prior criminal proceeding pending in Tazewell County, Virginia.

In October of 2011, petitioner filed a pro se original jurisdiction petition for writ of habeas corpus with this Court. By order entered on January 9, 2013, the Court granted the petition returnable below for the appointment of an attorney, the filing of a habeas petition, and the holding of an omnibus evidentiary hearing. *Simms vs. Shreve, Warden*, 11-1436 (W.Va. Supreme Court, Jan. 9, 2013). On July 1, 2013, petitioner, by counsel, filed a petition for habeas relief and a checklist pursuant to *Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981). Petitioner asserted the following grounds for relief: (1) involuntary guilty plea; (2) unfulfilled plea bargain; (3) ineffective assistance of counsel; (4) defects in indictment; (5) prejudicial joinder of defendants or counts; (6) claims concerning use of informers to convict; (7) constitutional errors in evidentiary rulings; (8) sufficiency of the evidence; (9) question of actual guilt upon an acceptable guilty plea; and (10) amount of time on sentence, no credit for time served. In November of 2013, the circuit court held an omnibus evidentiary hearing, after which it denied the petition. This appeal followed.

This Court reviews appeals of circuit court orders denying habeas corpus relief under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W.Va. 375, 701 S.E.2d 97 (2009).

On appeal, petitioner raises four assignments of error. First, petitioner argues that he was entitled to habeas relief because he received a disproportionate sentence. Petitioner argues that his cumulative sentence of seven to thirty-five years of incarceration is disproportionate to the crimes to which he pled. He additionally argues that the circuit court erred in failing to consider alternative sentencing based upon the erroneous findings that petitioner would be likely to commit other offenses while on probation, that probation would denigrate the seriousness of the offenses to which petitioner pled, and that it would not be in the public's best interest for petitioner to receive probation.

Petitioner's second and third assignments of error, which he addresses simultaneously, are that his guilty pleas were involuntary and that there was insufficient evidence to support his plea for wanton endangerment. According to petitioner, he had minimal discussion with his trial counsel about the case and the plea agreement generally, and that trial counsel refused his multiple requests to view the State's videotaped evidence of the subject drug transactions. Petitioner argues that his trial attorney did not adequately or informatively advise him of his constitutional rights or the consequences of his guilty plea. Further, petitioner argues that he

could not have been guilty of wanton endangerment because he fired his gun in the air, not in the direction of the law enforcement officers in question. However, petitioner claims that his attorney was uncertain of the elements of wanton endangerment and erroneously convinced him to plead guilty to that charge.

In his final assignment of error, petitioner argues that the circuit court committed reversible error in denying petitioner's request for habeas relief because he received ineffective assistance of trial counsel. Petitioner again bases this argument on trial counsel's alleged refusal to review the evidence against him, and he further argues that he would have gone to trial if he felt the State could not prove its case against him. In support, petitioner argues that he "wholeheartedly believed" that the only witness against him in regard to the drug charges was an informant with a felony criminal record who had unaccounted for marijuana on his person during one of the controlled buys. Therefore, petitioner argues, this informant would have made a poor witness. Petitioner also argues that counsel advised him he would receive concurrent sentences and failed to inform him of the detrimental consequences a charge of wanton endangerment against police officers would present when he sought parole. Finally, petitioner argues that trial counsel was ineffective in failing to obtain transcripts from the grand jury and preliminary hearing in his criminal proceedings.

Having carefully reviewed the circuit court's order, this Court concludes that the circuit court did not abuse its discretion in denying petitioner's request for habeas corpus relief. First, we find that the circuit court did not err in denying petitioner relief for his allegedly disproportionate sentence, as the circuit court found the same to be imposed within the applicable statutory guidelines and not based on any impermissible factor.[2] With regard to petitioner's claim that he entered an involuntary plea, we find that the circuit court properly concluded, after reviewing transcripts from the criminal hearings and the evidence submitted in the habeas proceeding, that "there was simply no evidence provided during the [omnibus] hearing that supported this claim."

Similarly, the circuit court did not abuse its discretion in concluding that there was sufficient evidence upon which to accept petitioner's guilty plea for wanton endangerment, as it specifically found that the act to which petitioner pled, firing the weapon into the air, was sufficient to satisfy the elements of that crime. This is especially true in light of petitioner's admission that he fired "into the dark of night without the ability to know what or where exactly he was shooting." Finally, the circuit court specifically addressed petitioner's claim of ineffective assistance of counsel and, given petitioner's own testimony and the testimony of his trial counsel and others, the circuit court properly concluded that petitioner failed to establish that, had it not been for the alleged errors of counsel, the results of his criminal proceeding would have been

---

[2]"'Sentences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syllabus Point 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982)." Syl. Pt. 3, *State v. Georgius*, 225 W.Va. 716, 696 S.E.2d 18 (2010).

3

different.[3]

Indeed, the circuit court's order includes well-reasoned findings and conclusions as to all of the assignments of error raised herein. Given our conclusion that the circuit court's order and the record before us reflect no clear error or abuse of discretion, we hereby adopt and incorporate the circuit court's findings and conclusions and direct the Clerk to attach a copy of the circuit court's November 5, 2013, Order Denying Petitioner's Petition for a Writ of Habeas Corpus to this memorandum decision.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:**  September 22, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

[3]*See* Syl. Pt. 3, *Ballard v. Ferguson*, 232 W.Va. 196, 751 S.E.2d 716 (2013), which held that

"[i]n the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Syllabus point 6, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995).

4